**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN 232780)
erome@romeandassociates.com
Elizabeth Saura Wang (SBN 272306)
lsaura@romeandassociates.com
2029 Century Park East, Suite 1040
Los Angeles, California 90067
Telephone: (310) 282-0690
Facsimile: (310) 282-0691

Attorneys for Plaintiff
MATHEW HETLAND

KIRTON McCONKIE
Christopher Hill, Esq. (SBN 205738)
chill@kmclaw.com
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Attorneys for Defendants TRAVIS BEAUCHESNE, iCLICK PROMOTIONS, LLC and PLAYA NEGRA ENTERPRISES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HETLAND, an individual,<br><br>　　　　Plaintiff,<br>vs.<br><br>TRAVIS BEAUCHESNE, an individual, iCLICK PROMOTIONS, LLC, a Utah limited liability company, PLAYA NEGRA ENTERPRISES, a Costa Rica entity of unknown origin, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.: SACV13-936 DOC(ANx)<br><br>Honorable David O. Carter<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to the above-captioned lawsuit possess information related to the subject matter of this action that is confidential, and they recognize that in the course of discovery proceedings, it may be necessary to disclose such information. Much of this information is, in turn, protected as trade secrets and confidential business and other information, or is otherwise protected from public disclosure by law.

Accordingly, each party wishes to ensure that such information shall not be used for any purpose other than the proceedings in this case.  This information shall include banking records, customer lists, financial records, including but not limited to pricing information, and third parties' personal data submitted in connection with applications for processing.

Good cause exists for the entry of this Protective Order as the parties are engaged in a highly competitive field of payment processing where client lists, business strategies and pricing for payment processing services can, and in some cases, do constitute trade secrets which are vital to disclosing parties' ability to compete in the marketplace.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to protect such information, the parties to this action, by and through their respective counsel, enter into this stipulated protective order (hereafter, "Protective Order") as follows:

1. <u>Application of Protective Order</u>

All information, testimony, things or documents filed with the Court, or produced or given (either by a party or non-party) as part of discovery in this action shall be governed by this Protective Order, including without limitation all testimony, transcripts, exhibits, answers to interrogatories and other discovery requests, copies thereof, other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation that any party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereafter, collectively referred to as "Confidential

Material"). The provisions of this Protective Order shall apply to (i) the parties to this action (including any agents, employees, insurers, advisors, consultants, representatives, partners, successors, heirs and assigns); (ii) their respective counsel of record in this action (including other members of the respective legal teams who agree to be bound by the terms of this Protective Order, such as their partners, in-house counsel of a respective party, associates, employees, paralegals, expert consultants and expert witnesses) ("Counsel"); and (iii) any other person who produces or discloses Confidential Material in this action and who agrees to be bound by the terms of this Protective Order.

2. <u>Confidential Designation</u>

A party may designate as "CONFIDENTIAL" the whole or portion of any document or thing that the party reasonably believes in good faith, in accordance with F.R.C.P. Rule 26(c) contains confidential information, including but not limited to research, development, financial, technical, marketing, product planning, personal and/or commercial information not readily available to the public.

3. <u>Confidential- Attorneys' Eyes Only Designation</u>.

A party may designate as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" the whole or that portion of any confidential information that the party reasonably believes in good faith, in accordance with F.R.C.P. Rule 26(c) contains highly sensitive information that, if disclosed to a competitor or a person who the party reasonably believes to have interests that are aligned with a competitor, would or may cause competitive harm, including but not limited to any (a) trade secrets, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as credit information, addresses and/or social security numbers). In addition, for confidential information which a party in good faith reasonably believes contains especially sensitive information, the disclosure of which to a competitor

or a person who the party reasonably believes to have interests that are aligned with a competitor would likely result in harm to that party may further designate such confidential information as "COMPETITIVELY SENSITIVE." If another party's counsel believes that such designation of a document or documents is overly broad, they may seek relief from this order.

4. <u>Designating and Marking Confidential Material</u>.

Confidential Matter shall be designated and marked as follows:

A. <u>Documents</u>: Documents may be designated as "CONFIDENTIAL" by placing on each page the following legend (or equivalent thereof) on any such document: "CONFIDENTIAL." Documents may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by placing on each page the following legend (or equivalent thereof) on any such document: CONFIDENTIAL - ATTORNEYS' EYES ONLY."

B. <u>Magnetic Or Optical Media Documents</u>: The parties agree that for materials on magnetic or optical media (such as CD or DVD), the medium container and the medium itself shall both be marked or labeled with the appropriate confidentiality notice as described in Paragraph 4(A) above, and the contents thereof shall be treated in accordance with this Protective Order. Notwithstanding the foregoing, documents which are contained on magnetic or optical media will be printed out by the producing party and stamped with the appropriate confidentiality notice and produced to the other party in paper format, unless such production shall result in the aggregate production exceeding the equivalent of (10) bankers' boxes of documents, in which case the parties shall meet and confer to determine whether to share the cost of creating an electronic production database whereby confidentiality designations can be automatically applied.

C. <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate

confidentiality notice as described in Paragraph 4(A) above.

D. <u>Written Discovery</u>: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation as described in Paragraph 4(A) above shall be placed on each answer or response that contains Confidential Material.

E. <u>Deposition Proceedings</u>: Whenever Confidential Material is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such information is subject to the terms of this Protective Order. If any person other than the witness is present at the deposition and does not come within the categories of persons defined in Paragraphs 8 or 9 of this Protective Order, that person shall not be permitted to be present while Confidential Material is used during the deposition. Notwithstanding the foregoing, attorneys shall not be precluded from examining a witness concerning any Confidential Material if the record reveals that the deponent or witness authored that material or previously received that material in the normal course of business.

F. <u>Designation of Transcripts</u>: The attorney for any party or third party shall designate portions of a deposition transcript as Confidential Material by making such designation on the record during the deposition. The portions designated during the deposition as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be separated and treated as provided in Paragraphs 8 or 9 of this Protective Order (as appropriate) and shall be fully subject to the relevant provisions of this Protective Order. Transcripts that are not so designated on the record shall nevertheless be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until thirty (30) days after receipt of the deposition transcript by counsel for the witness during which period counsel for the witness may designate those portions of the deposition transcript (including exhibits) as Confidential Material (as appropriate). All portions of any deposition transcript

not designated as Confidential Material shall be free from the provisions of this Protective Order.

5. <u>Inadvertent Misdesignation</u>.

A designating party that inadvertently fails to mark an item as Confidential Material (or marks an item with an incorrect designation of confidentiality) at the time of production shall not be deemed to have waived in whole or in part any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Any such misdesignated material shall be correctly designated as Confidential Material as soon as reasonably possible after the producing party becomes aware of the incorrect designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

6. <u>Challenging Designation of Confidential Materials</u>

Any party may, in good faith, challenge the designation of Confidential Material in writing. Following receipt of such a written challenge, the parties shall have five (5) business days to attempt to negotiate a resolution of the challenge after which time the party objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate. The designating party shall bear the burden of establishing that the challenged designation was appropriate under the terms of this Agreement and that the requirements for the issuance of protective order under F.R.C.P. Rule 26(c) have been satisfied. Notwithstanding the existence of any challenge to any designation made hereunder, the parties shall treat all Confidential Material as protected under the terms of this Protective Order until such time as the Court issues an order to the contrary.

# LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL

7. <u>Use of Confidential Material</u>

All Confidential Material shall be used only for the purposes of this lawsuit and not for any other litigation, business, personal or other purposes whatsoever. Unauthorized use of Confidential Material includes, but is not limited to, disclosure of such materials to the public or inclusion of such materials in pre- or post-termination publicity regarding the litigation or disclosure of such materials to any person who is not authorized by Paragraphs 8 or 9 to have access to such materials.

8. <u>Use of Confidential Materials During Court Proceedings</u>

In the event that any Confidential Material is used in any pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments or hearings), the Confidential Material shall not lose its status as Confidential Material through such use. No fewer than three (3) days prior to such pre-trial proceeding, the party intending to use such Confidential Material shall notify the designating party in writing of its intention to use such material. For the purposes of hearings on motions, such notice shall be provided independent from the designation or citation in the briefs of Confidential Material. Upon such notification, the parties shall meet and confer and the party seeking to use the Confidential Material shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, subject to the approval of the Court. The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of Confidential Material at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial (if any). The parties shall comply with Local Rule 79-5.

9. <u>Disclosure of "Confidential-Attorneys' Eyes Only" Materials</u>

Confidential Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be given, shown, made available or communicated in any way to anyone other than:

A. <u>Counsel</u> - In-house counsel and outside counsel of record for the respective parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel.

B. <u>Consultants and Experts</u> - Consultants or expert witnesses retained specifically for the prosecution or defense of this litigation, provided that each such person has been cleared in accordance with the procedures set forth in Paragraph 11 below.

C. <u>Judicial Personnel</u> - The Court, Court personnel and Court reporters in connection with this action.

D. <u>Designated Representatives</u> - Designated representatives who are employees or officers of the party designating the material as Confidential-Attorneys' Eyes Only, provided that each designated representative executes, before receiving the disclosure, a copy of the Certification attached to this Protective Order as Exhibit A.

E. <u>Witnesses</u> - Witnesses where at least one of the following conditions applies:

    i. The witness is a current employee of the designating party;

    ii. The attorney taking the deposition and showing the witness the Confidential Material represents the designating party;

    iii. The witness's name appears on the Confidential Material as a person who has previously seen or had access to the Confidential Material or is otherwise established that the witness has previously seen or had access to the Confidential Material or knows the information contained within it;

    iv. The designating party has consented on the record of the

deposition to the showing of the Confidential Material to the witness; or

    v.  At least ten (10) days before a deposition, a party wishing to show the witness the Confidential Material notifies the designating party of that desire, with a specific listing of the Confidential Material to be so shown, and the designating party fails to object in writing to such showing within that ten (10) day period, but if an objection in writing is made, such Confidential Material will not be shown to the witness until and unless the party wishing to show the Confidential Material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

    Witnesses being shown Confidential Material under subparagraphs (E)(i)-(v) shall not be allowed to retain copies of the Confidential Material. A witness who was shown Confidential Material during a deposition, however, may review the Confidential Material while reviewing his or her transcript, provided that any Confidential Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

10. <u>Disclosure of "Confidential" Materials</u>.

   Confidential Material designated as "CONFIDENTIAL" may be revealed to the persons designated in Paragraph 8 above, as well as to designated representatives who are employees or officers of any named party to the litigation, provided that each designated representative executes, before receiving the disclosure, a copy of the Certification attached to this Protective Order as Exhibit A.

11. <u>Clearing of Consultants and Experts to see Designated Materials.</u>

   Prior to the disclosure to a consultant or expert witness of Confidential Material, the party wishing to make the disclosure shall cause the Consultant/Expert to execute the Consultant/Expert Certification form attached hereto as Exhibit B. In addition, prior to making a disclosure of Confidential Material, the party wishing to make the disclosure shall provide the other party a

current copy of the Consultant/Expert's curriculum vitae. Unless the other party objects within five (5) calendar days of receiving the curriculum vitae, the disclosure of confidential information may be made. Should a dispute arise as to whether a party may disclose information to a Consultant/Expert, the objecting party must demonstrate that notwithstanding the execution of the Consultant/Expert Certification form, the Consultant/Expert is likely to violate the terms of the Consultant/Expert Certification, causing competitive harm to the objecting party. The parties agree that non-testifying Consultants or Experts identified pursuant to this paragraph will not be deposed or contacted, formally or informally, by the party to whom disclosure of their identity is made.

12. <u>Submission of Confidential Material to the Court</u>.

All documents of any nature (including without limitation exhibits, briefs, affidavits, motions, etc.) that are filed with the Court for any purpose and that contain Confidential Material shall be filed in sealed envelopes or other sealed containers marked with the title of this proceeding, and identifying each document and thing therein and bearing a statement substantially in the following form:

> THIS DOCUMENT CONTAINS MATERIALS THAT ARE
> CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY
> AND COVERED BY A PROTECTIVE ORDER.

13. <u>Protecting Confidential Material</u>

Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material. No copies of any Confidential Material shall be made except to the extent necessary for litigation. If the duplicating process by which copies of Confidential Material are made does not reproduce the CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" stamp appearing on the original, all copies shall be stamped with the original CONFIDENTIAL" or "CONFIDENTIAL -

1 ATTORNEYS' EYES ONLY" designation. All copies of Confidential Material shall be kept in secure areas of the offices of Attorneys of record or experts who are consulted concerning this matter. Documents contained on magnetic or optical media which are printed out by the receiving party shall be labeled with the same designation in which they were produced in paper format and as designated on the media itself. No persons other than those listed in Paragraphs 8 and 9 may make or cause to be made any copies of Confidential Material.

14. <u>Improper Disclosure of Confidential Material</u>

If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the designating party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

15. <u>Conclusion of Litigation</u>

All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under F.R.C.P. 59 or 60 and the conclusion of any appeals or motions for such relief, a party in possession of Confidential Material shall either (a) return all such Confidential Material no later than thirty (30) days after conclusion of this action to counsel for the party or non- party who provided such information, or (b) destroy all such Confidential Material within the time period upon consent of the designating party and certify in writing within thirty (30) days that the documents have been

destroyed. Notwithstanding anything to the contrary above, the parties and their outside counsel shall be entitled to retain one copy of the pleadings and correspondence in the action for their files, provided that they return or destroy all exhibits to such pleadings or correspondence that have been designated as Confidential Material.

16. <u>Attorney-Client Privilege and Work Product Protections</u>

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. The parties agree not to argue that the disclosure itself constitutes a waiver of any applicable privilege.

**GENERAL PROVISIONS**

17. <u>Jurisdiction</u>

Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

18. <u>No Admissions</u>

Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective

Order is or is not proprietary, confidential or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Confidential Material in its sole and complete discretion. In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request.

19. <u>Modification of Protective Order</u>

Any party for good cause may apply to the Court for a modification of this Protective Order. In the event such an application is made, the parties shall be bound by the terms of this Protective Order unless and until it is modified by the Court.

**SIGNATURES AND ORDER ON FOLLOWING PAGE.**

Stipulated and Agreed Upon by:

DATED: November 8, 2013              ROME & ASSOCIATES, APC.


                                     By:/s/ Eugene Rome
                                        Eugene Rome
                                        Attorneys for Plaintiff MATTHEW
                                        HETLAND

                                        KIRTON MCCONKIE


                                     By:/s/ Christopher Hill
                                        Christopher Hill
                                        Attorneys for Defendants TRAVIS
                                        BEAUCHESNE, iCLICK PROMOTIONS,
                                        LLC and PLAYA NEGRA ENTERPRISES


IT IS SO ORDERED:

DATED: November 12, 2013             /s/ David O. Carter
                                     Honorable David O. Carter
                                     United States District Judge

---

14

STIPULATED PROTECTIVE ORDER

69857.1

<u>Exhibit A</u>

**Certification Concerning Material Covered By Stipulated Protective Order**

I, the undersigned, hereby certify that I have read and understand the attached Protective Order entered in *Hetland v. Beauchesne, et al.*

I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I agree to be bound by the terms of the Protective Order and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose other than this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____


Dated: _____  Signature: _____

69857.1

Exhibit B

**CONSULTANT/EXPERT CERTIFICATION**

I, the undersigned, hereby certify that I have read and understand the attached Protective Order entered in *Hetland v. Beauchesne, et al.*

I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I understand the terms of this Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will' not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose not appropriate or necessary to my participation in this case.

I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant/Expert Certification and during the pendency of the Action, I become engaged in business as or for a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in

///

///

///

69857.1

this action, and I will not thereafter review any Confidential Material unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____   Signature: _____

69857.1